# EXHIBIT 6

1:21-cv-00447

Case 1:18-cv-00469-RP Document 186 Filed 05/30/21 Page 2 of 18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| OVABRITE, INC.<br><br>Plaintiff,<br>v.<br><br>NOVATRANS GROUP S.A.<br><br>Defendant | CIVIL ACTION NO. 1-18-cv-00469-LY<br><br>JURY DEMANDED |

## **FIRST AMENDED COMPLAINT**

1. Plaintiff Ovabrite, Inc. ("Plaintiff" or "Ovabrite") brings this action against Defendant Novatrans Group S.A. ("Defendant" or "Novatrans") for, *inter alia*, breach of contract, conversion, and misappropriation of trade secrets.

2. Plaintiff Ovabrite is involved in the avian egg industry and wishes to develop technology capable of rapidly determining the sex and fertility of avian eggs prior to hatching, without violating or puncturing the egg shell.

3. Defendant Novatrans represented to Ovabrite (via a predecessor entity, Vital Farms, Inc.) that it was capable of assisting with the development of such rapid egg sexing with the use of a technology known as terahertz ("THz") frequency spectrometry.

4. Based on these representations by Novatrans, the parties entered certain agreements for technology development, including the exchange of confidential information relevant thereto, and pursuant to which Ovabrite paid Novatrans in advance to complete a first part, or Alpha Phase,

EXHIBIT 6

of the technology development. In addition to monies paid under the contracts, Ovabrite also invested an additional $400,000, plus personnel time, into the project.

5. Despite accepting the contractual investment from Ovabrite, Novatrans failed to complete the Alpha Phase of the technology development.

6. Despite failing to complete the Alpha Phase of the technology development, Novatrans demanded additional money from Ovabrite in order to continue with the technology development under the contract.

7. Upon information and belief, Novatrans also violated the exclusivity of the agreements by entering into a similar arrangement for the development of egg sexing technology with at least one competitor of Ovabrite.

8. Upon information and belief, Novatrans also used, and continues to use, for its own profit and purposes, confidential information and intellectual property gained from Ovabrite under the parties' agreements.

9. Upon information and belief, Novatrans never possessed the capability, and was aware that it did not possess the capability, to develop the egg sexing technology contemplated under the parties' agreements.

10. Ovabrite brings this action to enjoin Novatrans' actions, to recoup the money it expended under the parties' agreements, to recover for the losses it has suffered from Novatrans' misuse of confidential information and intellectual property, and to hold Novatrans accountable for violation of exclusivity of the parties' agreements.

## The Parties

11. Plaintiff Ovabrite's principal place of business is at 3913 Todd Lane, Suite 501, Austin, Texas 78744. Ovabrite is incorporated under Delaware law, with its registered office at 1679 S. DuPont Highway, Suite 100, Dover, Delaware 19901.

12. Upon information and belief, Defendant Novatrans is a privately held company incorporated in Switzerland, with its principal office at Le Vernets 2, CH-2035 Corcelles, Switzerland, and operates through a research and development center at Ramat Yam 60, Herzliya, Israel.

## Jurisdiction

13. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law, specifically, the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq*. This Court also has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332, as this action is between citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has supplemental jurisdiction over any Texas state law claims under principles of pendent and ancillary jurisdiction pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over the parties in this case. Plaintiff Ovabrite maintains its principal place of business in Texas and, by the filing of this lawsuit, has consented to this Court's jurisdiction. Defendant Novatrans, a foreign corporation, has purposely availed itself of the jurisdiction of this Court by entering into a contract with a Texas resident, subject to Texas law, which sets the non-exclusionary choice of forum as Texas, and the performance of which by Plaintiff Ovabrite will occur in Texas. In the alternative, upon information and belief, Novatrans does not maintain a physical office anywhere in the United States, and this Court

acquires personal jurisdiction over Novatrans pursuant to Fed R. Civ. P. 4(k)(2), as this permits jurisdiction by service on a federal claim.

### Venue

15. The dispute between the parties arises from a Master Joint Development and Product Distribution Agreement ("MJDPDA"), which sets Austin, Texas as the venue for any dispute arising under the agreement.

16. Venue is proper in this district pursuant to the provisions of the MJDPDA between the parties and pursuant to 28 U.S.C.A. § 1391(b) because one or more of the acts complained of took place in this district.

### Facts

17. Plaintiff Ovabrite is engaged in the egg production industry.

18. Defendant Novatrans purports to provide goods and services, including the development of new technologies, using terahertz (THz) frequencies for spectrometry testing.

19. On or about March 7, 2016, Vital Farms, Inc. ("Vital Farms" or "VF"), a predecessor entity to Plaintiff Ovabrite, entered into a Mutual Non-Disclosure Agreement ("NDA") with Defendant Novatrans, pursuant to which Vital Farms and Novatrans could exchange information in contemplation of entering a business agreement for THz technology development and application. The NDA included the obligation to not disclose confidential information to any third party.

20. On or about March 16, 2016, Vital Farms and Novatrans entered an Option Agreement contemplating an exclusive business relationship between the parties.

21. The Option Agreement's "Exclusivity Period" was defined to mean an initial period of fifteen (15) days, and then extension by various means, including by Vital Farms' funding the Alpha Phase.

22. Vital Farms did in fact exercise its option to fund the Alpha Phase of the technology development, thereby extending the Exclusivity Period for four-and-a-half (4.5) months or until completion of the Alpha Phase, whichever was later.

23. On information and belief, and as set forth in greater detail below, the Alpha Phase of the technology development was never completed, and therefore the Exclusivity Period remains in effect.

24. On or about May 5, 2016, Vital Farms entered into the MJDPDA with Defendant Novatrans, as contemplated by the earlier agreements.

25. The purpose of the MJDPDA was to develop and use THz spectrometry technology for the purposes of analyzing poultry eggs, including to determine rapidly the sex and fertility of a chicken prior to hatching. The technology was to be known as "TeraEgg Technology."

26. The MJDPDA contemplated that the agreement between Ovabrite and Novatrans for the development of the covered technology should continue to be exclusive.

27. The MJDPDA included a confidentiality clause, prohibiting disclosure of confidential information to any third party.

28. Pursuant to the MJDPDA, Vital Farms paid Defendant Novatrans for completion of the Alpha Phase.

29. Pursuant to the MJDPDA, Vital Farms would invest additional monies only upon completion of the Alpha Phase, whereupon the parties could continue to the Beta Phase of the project.

30. On or about December 23, 2016, Vital Farms executed an Assignment and Assumption Agreement, wherein all rights and obligations in and to the MJDPDA were assigned and transferred from Vital Farms to a successor entity, Ovabrite, with the approval of Defendant Novatrans. Plaintiff Ovabrite therefore is therefore the owner of rights and obligations under the MJDPDA.

31. Despite receiving the payment from Plaintiff Ovabrite's predecessor (Vital Farms), Defendant Novatrans failed to bring the Alpha Phase to successful completion.

32. Upon information and belief, Defendant Novatrans has failed and refused to take the commercially reasonable steps necessary to bring the Alpha Phase to completion, despite the fact that it had been paid to do so.

33. Contrary to the terms of the MJDPDA, Defendant Novatrans has not demonstrated that its proposed technology is effective for the purposes contemplated in the agreement, and has otherwise failed to comply with the terms of the MJDPDA, including by changing the distances and procedures involved in testing methodologies, and using a methodology that establishes milestone achievement, and failing to send blind studies to Ovabrite.

34. Upon information and belief, Defendant Novatrans has not used rigorous scientific methodologies, has not utilized blind studies, and has not documented all testing procedures, data, and media to share with Ovabrite, as required by the MJDPDA.

35. Upon information and belief, despite failing to accomplish the enumerated objectives of the Alpha Phase, Defendant Novatrans declared the Alpha Phase complete and demanded additional investment from Plaintiff Ovabrite in order to begin the Beta Phase. That is, without completing proof of concept, Defendant Novatrans requested additional payments for

steps contemplated within the Alpha Phase and not subject to additional payment by Ovabrite, contrary to the demands made by Defendant Novatrans.

36. In addition to the amount paid in order for Defendant Novatrans to effect successful completion of the Alpha Phase, Plaintiff Ovabrite has had to spend more than $400,000 in additional money, not including the time for its personnel, in attempting to salvage the TeraEgg Technology project as set forth in the MJDPDA.

37. Within the course of the parties' relationship, Ovabrite has contributed its own intellectual property, such as a standardized membrane evacuated test chamber, as enhancements and improvements to the technology contemplated by the MJDPDA. Ovabrite has provided these contributions to Novatrans pursuant to the parties' agreements.

38. Defendant Novatrans has not performed its obligations pursuant to the MJDPDA. Upon information and belief, Defendant Novatrans has neither the intention nor the ability to perform its obligations pursuant to the MJDPDA.

39. Once it became apparent that Defendant Novatrans had not performed, and was not going to perform, its obligations under the MJDPDA, Ovabrite suggested a "separation agreement," whereby the parties would walk away from the MJDPDA, and each party could use certain intellectual property developed under the agreement for its own respective industries, *e.g.*, Defendant Novatrans would not use THz technology in the poultry industry, the industry in which Ovabrite operates.

40. Defendant Novatrans refused to enter the proposed separation agreement.

41. Instead, upon information and belief, Defendant Novatrans is conducting, or intends to conduct, business in the poultry industry using confidential information and intellectual property contributed by Plaintiff Ovabrite, to the harm and detriment of Plaintiff Ovabrite.

42. Upon information and belief, Defendant Novatrans, in violation of the parties' agreements, has utilized its confidential information and intellectual property gained from Plaintiff Ovabrite, including but not limited to knowledge regarding Plaintiff Ovabrite's business plans, to offer, manufacture, and sell Novatrans products and services to competitors of Plaintiff Ovabrite.

43. Upon information and belief, Defendant Novatrans has entered into a business relationship with another company whose business is in the technology of egg handling and processing.

44. Upon information and belief, the business relationship between Defendant Novatrans and this other egg technology company relates to the same technology development as the Option Agreement and the MJDPDA, in violation of the exclusivity of both agreements.

45. Upon information and belief, Defendant Novatrans' relationship with this other egg technology company has led to disclosure of proprietary and confidential information and/or the use of intellectual property generated by Ovabrite.

46. Upon information and belief, Defendant Novatrans continues to use, for its own business purposes, intellectual property contributed and owned by Ovabrite.

47. Upon information and belief, Defendant Novatrans continues to use, for its own business purposes, confidential information and trade secrets belonging to Ovabrite.

## CAUSES OF ACTION

### COUNT I

**MISAPPROPRIATION OF TRADE SECRETS UNDER
DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836)**

48. Plaintiff Ovabrite hereby realleges the foregoing paragraphs as if fully set forth herein.

49. In the course of its relationship with Defendant Novatrans, Plaintiff Ovabrite provided confidential and propriety information, including business models, to Defendant Novatrans, and also contributed intellectual property toward the development of the TeraEgg Technology, including Ovabrite's trade secrets.

50. In the course of its business, Plaintiff Ovabrite has developed proprietary information regarding the egg industry, including information regarding opportunities connected to egg sexing. This information constitutes trade secrets.

51. Plaintiff Ovabrite enjoys the right, by reason of its ownership of the trade secrets, to use and enjoy the trade secrets.

52. The parties' agreements, as set forth herein, oblige Defendant Novatrans to maintain confidentiality of Ovabrite's trade secrets.

53. Ovabrite's trade secrets were not known outside of the parties and would be difficult to be properly acquired and/or duplicated by third parties without disclosure.

54. Plaintiff Ovabrite undertook reasonable methods to maintain the secrecy of its confidential trade information by entering into agreements for the protection of that information, and by not disclosing the information to parties not bound by those agreements.

55. Defendant Novatrans obtained the trade secrets and intellectual property pursuant to its contractual agreements with Vital Farms and its successor, Plaintiff Ovabrite.

56. Upon information and belief, despite Defendant Novatrans' duty to maintain the confidence of Plaintiff Ovabrite's trade secrets, Defendant Novatrans knowingly and willfully made the information available to others, including another egg technology company.

57. Defendant Novatrans' unlawful disclosure and use of the trade secrets through, *inter alia*, its relationship with another egg technology company constitutes a breach of confidence and directly and proximately causes damage to Plaintiff Ovabrite.

58. Each of these trade secrets was used and/or intended to be used in interstate commerce.

59. Each of the trade secrets mentioned herein derives independent economic value, actual and/or potential, from not being generally known to, or readily ascertainable through proper means by, another person or corporation who can obtain economic value from the disclosure or use of the information. The trade secrets are of substantial economic value and have conferred a competitive advantage on Defendant Novatrans.

60. Upon information and belief, Defendant Novatrans knowingly and willfully misappropriated Plaintiff Ovabrite's trade secrets and continues to do so to the present. Plaintiff Ovabrite is entitled to recover damages and reasonable attorneys' fees and costs under 18 U.S.C. § 1836(b)(3).

## COUNT II

### MISAPPROPRIATION OF TRADE SECRETS UNDER TEXAS UNIFORM TRADE SECRETS ACT (TEX. CIV. PRAC. & REM. CODE § 134A et seq)

61. Plaintiff hereby realleges the foregoing paragraphs as if fully set forth herein.

62. In the course of its relationship with Defendant Novatrans, Plaintiff Ovabrite provided confidential and propriety information, including business models, to Defendant Novatrans, and also contributed intellectual property toward the development of TeraEgg Technology, including Ovabrite's trade secrets.

63. In the course of its business, Plaintiff Ovabrite has developed proprietary information regarding the egg industry, including information regarding opportunities connected to egg sexing. This information constitutes trade secrets.

64. Plaintiff Ovabrite enjoys the right, by reason of its ownership of the trade secrets, to use and enjoy the trade secrets.

65. The parties' agreements, as set forth herein, oblige Defendant Novatrans to maintain confidentiality of Ovabrite's trade secrets.

66. Ovabrite's trade secrets were not known outside of the parties and would be difficult to be properly acquired and/or duplicated by third parties without disclosure.

67. Plaintiff Ovabrite undertook reasonable methods to maintain the secrecy of its confidential trade information by entering into agreements for the protection of that information, and by not disclosing the information to parties not bound by those agreements.

68. Defendant Novatrans obtained the trade secrets and intellectual property pursuant to its contractual agreements with Vital Farms and its successor, Plaintiff Ovabrite.

69. Upon information and belief, despite Defendant Novatrans' duty to maintain the confidence of Plaintiff Ovabrite's trade secrets, Defendant Novatrans knowingly and willfully made the information available to others, including another egg technology company.

70. Defendant Novatrans' unlawful disclosure and use of the trade secrets through, *inter alia*, its relationship with another egg technology company constitutes a breach of confidence and directly and proximately causes damage to Plaintiff Ovabrite.

71. Each of the trade secrets mentioned herein derives independent economic value, actual and/or potential, from not being generally known to, or readily ascertainable through proper means by, another person or corporation who can obtain economic value from the disclosure or

use of the information. The trade secrets are of substantial economic value and have conferred a competitive advantage on Defendant Novatrans.

72. Upon information and belief, Defendant knowingly and willfully misappropriated Plaintiff Ovabrite's trade secrets and continues to do so to the present. Plaintiff Ovabrite is entitled to recover damages and reasonable attorneys' fees and costs under Tex. Civ. Prac. & Rem. Code § 134A *et seq*.

### COUNT III

### UNFAIR BUSINESS PRACTICES AND MISAPPROPRIATION OF BUSINESS AND/OR TRADE VALUE

73. Plaintiff hereby realleges the foregoing paragraphs as if fully set forth herein.

74. Plaintiff Ovabrite's proprietary and confidential information, including patentable and/or copyrightable information and materials created by Plaintiff Ovabrite, constitute tangible and/or intangible business assets and/or trade value.

75. Defendant Novatrans has attempted to appropriate, and/or has appropriated, Plaintiff Ovabrite's tangible and/or intangible business assets and/or trade values by the means set forth in the incorporated paragraphs above.

76. Defendant Novatrans' appropriation of Plaintiff Ovabrite's tangible and/or intangible business assets and/or trade values has directly and proximately caused harm to the commercial relations of Plaintiff Ovabrite in excess of the jurisdictional limits of this Court.

77. Alternatively, the actions of Defendant Novatrans constitute unfair business practices that have directly and proximately caused damages to Ovabrite and/or harm to its commercial relations.

## COUNT IV

### UNFAIR COMPETITION (MISAPPROPRIATION)

78. Plaintiff hereby realleges the foregoing paragraphs as if fully set forth herein.

79. Plaintiff Ovabrite has invested extensive time, labor, skill, money, and resources in the design, development, and/ or creation of certain information, business materials, ideas, improvements or enhancements.

80. Defendant Novatrans has willfully copied and/or appropriated Plaintiff Ovabrite's information, materials, ideas, improvements and/or enhancements, in competition with Ovabrite, or in conjunction with Plaintiff Ovabrite's competitors, which has thereby enabled Defendant Novatrans and/or Plaintiff Ovabrite's competitors to gain a special advantage.

81. Defendant Novatrans' misappropriation of such information, materials, ideas, improvements and/or enhancements has commercially damaged Ovabrite in excess of the jurisdictional limits of this Court.

82. Defendant Novatrans' actions constitute unfair competition and misappropriation actionable under the common law of the State of Texas.

## COUNT V

### TORTIOUS INTERFERENCE WITH BUSINESS/CONTRACTUAL RELATIONS

83. Plaintiff hereby realleges the foregoing paragraphs as if fully set forth herein.

84. Defendant Novatrans has used, or intends to use, the information, materials, ideas, improvements, and/or enhancements created or provided by Plaintiff Ovabrite in order to offer Novatrans' services to competitors to Plaintiff in the poultry industry (*i.e.*, to present to others Plaintiff Ovabrite's ideas for THz technology for determining the sex of a chicken prior to hatching).

85. Defendant Novatrans' actions constitute, or would constitute unless enjoined, tortious interference with business and/or contractual relations under the common law of the state of Texas.

## COUNT VI

## CONVERSION

86. Plaintiff hereby realleges the foregoing paragraphs as if fully set forth herein.

87. Defendant Novatrans has wrongfully exercised dominion or control over, and/or wrongfully took, misappropriated, or converted Plaintiff Ovabrite's personal property (*i.e.*, information, materials, ideas, improvements and/or enhancements created by Plaintiff Ovabrite or provided by Plaintiff Ovabrite to Defendant Novatrans) in denial of, or inconsistent with, Plaintiff Ovabrite's rights in such property, to the detriment and damage of Plaintiff Ovabrite in excess of the jurisdictional limits of this Court.

## COUNT VII

## BREACH OF CONTRACT

88. Plaintiff hereby repeats the allegations of the foregoing paragraphs as if fully set forth herein.

89. Plaintiff Ovabrite is the assignee of all rights in and to a valid written contract signed by Vital Farms and Defendant.

90. Plaintiff Ovabrite has performed its obligations pursuant to the terms of the MJDPDA.

91. Defendant Novatrans has breached the MJDPDA by not performing or fulfilling its obligations under the MJDPDA, thereby resulting in monetary harm to Plaintiff Ovabrite in excess of the jurisdictional limits of this Court.

92. Upon information and belief, Defendant Novatrans has failed to complete the Alpha Phase as provided by the MJDPDA but nevertheless has demanded additional payments from Plaintiff Ovabrite.

93. Upon information and belief, Defendant Novatrans has violated the exclusivity of the agreements between Plaintiff Ovabrite, as successor to Vital Farms, and Defendant Novatrans, including by entering into a business relationship with another egg technology company regarding the use of THz spectrometry technology for egg sexing.

94. Upon information and belief, Defendant Novatrans has used Ovabrite's confidential information and intellectual property in violation of the MJDPDA.

## COUNT VIII

## FRAUD

95. Plaintiff hereby repeats the allegations of the foregoing paragraphs as if fully set forth herein.

96. Defendant Novatrans made one or more material representations that were false, *e.g.*, regarding its ability to test for egg fertility or sex as per the terms of the MJDPDA. Defendant Novatrans knew its representations were false, or it made such representations recklessly, and as a positive assertion (*e.g.*, regarding its willingness and ability to perform) without any knowledge of its truth.

97. Defendant Novatrans intended to induce Plaintiff Ovabrite to act upon the false or reckless representations.

98. Plaintiff Ovabrite relied on the false and/or reckless representations of Defendant Novatrans, which caused injury and harm to Ovabrite in excess of the jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ovabrite prays for judgment against Defendant Novatrans, and for relief, including:

A.    Upon proper application, a preliminary and/or permanent injunction enjoining Defendant Novatrans against continuation of the illegal acts recited above.

B.    An accounting for and an award of the profits earned by Defendant Novatrans as a result of its illegal acts and the damages suffered by Plaintiff Ovabrite as a result.

C.    An award of damages for Defendant Novatrans' violations outlined above.

D.    An award of treble damages and an award of punitive or exemplary damages.

E.    An award of costs and reasonable attorneys' fees.

F.    An award or pre- and post-judgment interest.

G.    All other relief as the Court may deem just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Ovabrite hereby demands a jury trial on all issues so triable in this action.

DATED: December 5, 2018

Respectfully submitted,

/s/ Dwayne K. Goetzel

Dwayne K. Goetzel
Texas Bar No. 08059500
Ryan T. Beard
Texas Bar No. 24012264
Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
T: (512) 853-8800
F: (512) 853-8801

**ATTORNEYS FOR PLAINTIFF
OVABRITE, INC.**